IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11162
Summary Calendar
_____

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee-Cross-Appellant,

versus

ERVIN EARL POWERS, JR.,

                    Defendant-Appellant-Cross-Appellee.

--------------------
Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CR-367-1-H
--------------------
November 2, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Ervin Earl Powers, Jr., appeals from his convictions for various counts of money laundering and mail fraud. Powers contends that the evidence was insufficient to sustain his convictions for money laundering. In particular, Powers argues that there was no evidence of his involvement in the concealment of funds. We have reviewed the record and the briefs submitted by the parties and find that the jury's verdicts on the money laundering counts were supported by the evidence and there was no

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

manifest miscarriage of justice. <u>United States v. Burns</u>, 162 F.3d 840, 849 (5th Cir. 1998); <u>United States v. Laury</u>, 49 F.3d 145, 151 (5th Cir. 1995). Accordingly, Powers' convictions are AFFIRMED.

The Government cross-appeals, arguing that the district court erred in failing to add two levels to Powers' base offense level for obstruction of justice under U.S.S.G. § 3C1.1. The record reveals that the district court failed to make a specific finding of perjury and instead overruled the Government's obstruction of justice objection on policy considerations. When the government moves for an obstruction of justice enhancement, the district court has an obligation to determine whether perjury occurred. <u>United States v. Humphrey</u>, 7 F.3d 1186, 1190 (5th Cir. 1993). We therefore VACATE Powers' sentence and REMAND to the district court for a specific perjury finding and resentencing. <u>Id.</u> at 1191. If the district court finds that Powers did commit perjury, it must impose a two-level enhancement to his sentence. <u>Id.</u>